NEZWORSKI v. MAZANEC.

COURTS—PRECEDENT—RECORD—BRIEF.
In action by parent to recover medical and hospital bills·incurred in connection with accident sustained by infant daughter where record of the case is substantially the same as that in case brought by daughter against same defendant and previously decided by this court, holdings therein are reaffirmed where no other questions are raised by defendant and appellant in his brief.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted April 9, 1942. (Docket No. 45, Calendar No. 41,656.) Decided June 5, 1942.

Case by Joseph F. Nezworski against Bernard C. Mazanec for medical and hospital bills incurred in the care for plaintiff's daughter injured because of the negligence of defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*William F. Pellow* (*S. W. Patek,* of counsel), for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendant.

SHARPE, J. This is an action by Joseph F. Nezworski, as plaintiff, against Bernard C. Mazanec, as defendant, to recover medical and hospital bills incurred in connection with an accident sustained by plaintiff's daughter Gladys A. Nezworski when she fell down the stairway in defendant's premises at Bessemer, Michigan.

Defendant's premises upon which the accident occurred consisted, in part, of a large front room on the ground floor used for restaurant purposes, an adjoining small dining room in the rear, a kitchen, cement stairway, and basement. In the south wall of the small dining room, there was a door which opened onto an inclosed cement platform or "stair landing." The platform was five feet two inches by three feet one inch. On the east side of the platform there was a door leading to the alley in the rear of defendant's premises and on the west side of the platform there was an open cement stairway which led into the basement. An electric light located in the stairway lighted both the platform and the stairway, but on the night of the accident, it was not in use.

On December 24, 1938, plaintiff's daughter together with others held a party at defendant's restaurant and tavern. She was sitting in the small dining room when she decided to go into the alley for fresh air. The doors leading onto the platform and to the alley were open. She stepped over the threshold of the door onto the platform with her right foot. The ball of her foot landed on the cement platform and the back part of her foot was over the edge of the platform, causing her to lose her balance and fall backward down the cement stairway. She sustained skull fractures and other injuries.

Plaintiff's daughter, Gladys A. Nezworski, brought an action for damages for such injuries and a judgment for $4,000 was sustained upon appeal to this court. See *Nezworski* v. *Mazanec,* 301 Mich. 43.

In that case we held that a tenant in control of leased premises is liable for an injury occasioned by reason of his negligently permitting the prem-

ises to be in an unsafe condition; that there was evidence to sustain the finding of a jury that defendant had control of that part of the premises where plaintiff's accident occurred; that plaintiff when using the doorway and platform was an invitee on the premises; that there was testimony which justified the jury's finding defendant guilty of negligence; that plaintiff was not guilty of contributory negligence as a matter of law; and that there was no error upon the part of the trial court in instructing the jury.

Plaintiff, Joseph F. Nezworski, brought this action to recover medical and hospital bills incurred by him for treatment of his infant daughter. The case was tried before a jury which returned a verdict of $386.85. Defendant appeals.

Both parties agree that the questions of law involved in the instant case are the same as in the daughter's case, *Nezworski* v. *Mazanec, supra.* We find from a comparison of the records that the essential and controlling facts in this case are practically the same as in the daughter's case. In view of the records being substantially the same in both cases, we reaffirm our holdings in the daughter's case as the law in the instant case.

It has been stipulated that "the doctor bill, in amount of $250, and the hospital bill, in amount of $136.85, are reasonable and necessary." It is stated in the brief filed in behalf of defendant that: "The questions involved in this case are the same as the questions involved in plaintiff's daughter's case." No other questions have been raised by defendant in the brief filed in this case.

The judgment in this case is supported by the record and is affirmed, with costs to plaintiff.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.